**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JULIUS HODGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-CV-324-JED-FHM** |
| | ) | |
| **MICHAEL C. HEATHERLY, Off.;** | ) | |
| **LACY LANSDOWN, Off.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

On June 4, 2013, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Doc. 1), and a motion to proceed *in forma pauperis* (Doc. 2). He also provided summonses and USM-285 Marshal service forms. Plaintiff is in custody at the David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail. By Order filed June 7, 2013 (Doc. 3), the Court granted Plaintiff's motion to proceed *in forma pauperis* and directed him to pay an initial partial filing fee of $14.05 on or before July 8, 2013. The Court also direct Plaintiff to file an amended complaint to cure deficiencies. On June 21, 2013, Plaintiff filed an amended complaint (Doc. 5).

Plaintiff has not paid the initial partial filing fee and his deadline has passed.  However, as discussed below, payment of the initial partial filing fee shall be waived. In addition, the Court finds that Plaintiff's requests for dismissal of his criminal charges pending in state court, for charges to be filed against defendants, for return of seized property, and for $100,000 for "pain and suffering" endured while in custody shall be dismissed, and his remaining request for relief shall be stayed pending resolution of criminal charges in Tulsa County District Court.

**A.  Waiver of initial partial filing fee**

Although he has not paid the initial partial filing fee and his deadline has passed, Plaintiff requests that he be allowed to proceed without payment of the initial partial filing fee. *See* Doc. 5. On the last handwritten page attached to the amended complaint, Plaintiff writes as follows:

> Plaintiff is indigent, and has a negative balance and is unable to pay initial partial filing fee. Plaintiff has no money coming into his inmate account and would ask the Court to please allow this action suit to continue . . . Plaintiff is showing in writing reason for not being able to pay, as requested.

*See id.* at 7.  Based on Plaintiff's statement that he lacks funds sufficient to pay the initial partial filing fee, the Court shall grant Plaintiff's request to proceed without payment of the initial partial filing fee and waive the required payment, as previously ordered. **Nonetheless, Plaintiff remains obligated to make monthly payments, when funds are available, until the full $350 filing fee is paid in full.**

## B.  Background

Plaintiff's civil rights claim relates to the prosecution of criminal charges in Tulsa County District Court, Case No. CF-2012-5484.[1]  In his amended complaint, Plaintiff names two (2) defendants: Tulsa Police Officers Michael C. Heatherly and Lacy Lansdown.  *See* Doc. 5. In the "Nature of Case" section of the amended complaint, Plaintiff describes the background of his case, as follows: "Plaintiff was stopped without just cause. Money in Plaintiff's wallet was seized and $500.00 stolen." *See id.*  He identifies one claim, as follows:

---

[1]The docket sheet for Tulsa County District Court, Case No. CF-2012-5484, viewed at www.oscn.net, reflects that by Amended Information, filed August 1, 2013, Plaintiff is charged with Unlawful Possession of Controlled Drug, After Prior Convictions (Count 1), Driving Left of Center (Count 2), and Failure to Carry Insurance/Security Verification Form (Count 3). A preliminary hearing was held March 22, 2013. Plaintiff's demurrer was overruled and he was remanded to custody. Plaintiff was arraigned on April 1, 2013. On June 3, 2013, Plaintiff's pro se motion to suppress was overruled.  As of today's date, Plaintiff is set to be tried by a jury on September 3, 2013.

Count I:   Plaintiff was stopped for no other reason then [sic] racial profiling. Plaintiff was charged with possession.
The charge changed to possession with Intent when officers Heatherly and Lansdown saw how much money was in the Plaintiff's wallet.

(Doc. 5). As his request for relief, Plaintiff asks for "case dismissed, charges filed on the two officers, my $1,543.00 returned, plus lost wages as of date $28,000, pain and suffering $100,000." *Id.* at 3.

Plaintiff attaches three handwritten pages providing additional facts in support of his claims. In those pages, Plaintiff claims that on November 15, 2012, the car he was driving was stopped by Defendants Heatherly and Lansdown as part of a "john sting." *See* Doc. 5 at 5. The stop occurred in the 800 block of Troost Avenue, in Tulsa, Oklahoma. Plaintiff further claims that the officers had no reason to pull him over. Because Plaintiff had "an old misdemeanor warrant," Officer Heatherly searched the vehicle and found a substance "referred to as cocaine base" on the floor of the vehicle Plaintiff claims to have borrowed. *Id.* When Plaintiff was booked-in, he claims to have found out for the first time that the officers stopped him for driving left of center. In this civil rights action, he alleges that at the time of the traffic stop, the officers "never one time said anything about being left of center. It was simply two white cops pulling over two black males. There is no left of center on those narrow streets." *Id.* at 6.

**C.  Analysis**

**1.  Dismissal standard**

To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id.* at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id.* at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

**2. Improper requests for relief shall be dismissed**

After liberally construing Plaintiff's *pro se* amended complaint, *see Haines*, 404 U.S. at 520-21; *Hall*, 935 F.2d at 1110, the Court finds that portions of Plaintiff's requested relief shall be dismissed. In addition to money damages based on lost wages, Plaintiff asks for dismissal of criminal charges presently pending in state court, that charges be filed against the two police officers, for return of money seized at the time of his arrest, and for compensation for "pain and suffering" while in custody. *See* Doc. 5 at 3. The Court finds that, other than the request for damages based on lost wages, the other relief sought by Plaintiff is improper or legally frivolous. First, Plaintiff asks that his state court criminal case be dismissed. *See id.* The Supreme Court has made clear that a "§ 1983 action will not lie when a state prisoner challenges the fact or duration of his confinement and seeks either immediate release from prison or the shortening of his term of confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 482, 489 (1973)) (internal citations and punctuation omitted). Instead, prisoners must seek either federal habeas corpus relief or relief under state law. *Id.* at 78. Thus, Plaintiff's request for dismissal of his criminal case is improperly asserted in this civil rights action and shall be dismissed.

Plaintiff also asks for return of allegedly seized property. Although he fails to provide any factual support for a claim that he has been deprived of property in violation of the Constitution, the Court nonetheless finds that he is not entitled to request the return of seized property in this federal civil rights action. Plaintiff has a post-deprivation remedy in the Oklahoma state courts. *See* Okla. Stat. tit. 22, § 1321 (2002); *see also State v. One Thousand Two Hundred Sixty-Seven Dollars*, 131 P.3d 116, 121 (Okla. Ct. App. 2000). Plaintiff does not allege that such remedy was unavailable or

deficient. Therefore, Plaintiff's request for return of seized property is improperly asserted in this civil rights action and, for that reason, shall be dismissed.

Plaintiff also asks that criminal charges be filed against defendants. *See* Doc. 5.  The Court finds Plaintiff's requested relief is legally frivolous.  The initiation of a criminal investigation by state or federal officials is a discretionary act, and the federal courts do not have the power to order the undertaking of discretionary acts. *Cf. Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982).

Lastly, Plaintiff requests $100,000 for "pain and suffering" suffered while in custody.  *See* Doc. 5.  Mental or emotional stress, without physical injury, is insufficient to state a § 1983 claim. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("As to [plaintiff's] claim for emotional distress, no § 1983 action can be brought unless the plaintiff has suffered physical injury in addition to mental and emotional harms." (citing 42 U.S.C. § 1997e(e)). Nothing in the complaint suggests that Plaintiff has suffered physical injury. Therefore, his request for damages based on "pain and suffering" shall also be dismissed.

### 3.  Consideration of remaining request shall be stayed

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).  The Tenth

Circuit has extended *Heck* beyond the context of convictions to include claims challenging the validity of an arrest, prosecution or conviction, such as those plaintiff presents here. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (stating that "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed"). However, in *Wallace v. Kato*, 549 U.S. 384 (2007), the United States Supreme Court held that the "*Heck* rule for deferred accrual [of a § 1983 claim] is called into play only when there exists 'a conviction or sentence that has not been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 393 (quoting *Heck*, 512 U.S. at 486-87). The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id.* (italics in original). Although the Court was considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted above means that *Heck* does not apply if a plaintiff has been arrested or charged, but not convicted. *See Garza v. Burnett*, 672 F.3d 1217, 1218 (10th Cir. 2012) (acknowledging that *Heck's* bar and its principle of deferred accrual do not apply to anticipated convictions).

In *Wallace*, the Supreme Court also said that if a plaintiff files a § 1983 action challenging the validity of his arrest before he is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the federal district court's power, and accords with common practice, to stay the federal civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace*, 549 U.S. at 393-94. If the plaintiff is then convicted,

and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.* at 394.

In this case, Plaintiff has been arrested and charged, but not convicted.  As a result, there is no existing conviction. Therefore, the Court finds it is appropriate to follow the Supreme Court's suggestion in *Wallace* and stay this case pending resolution of the criminal charges filed against Plaintiff in Tulsa County District Court.  The Clerk of Court shall be directed to administratively close this matter.  The Court retains complete jurisdiction, however, to reopen this case upon the application of Plaintiff should further litigation be necessary once his criminal case is resolved.

### ACCORDINGLY, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to waive payment of the initial partial filing fee is **granted**.

2.  Payment of the initial partial filing fee is **waived**. **Nonetheless, Plaintiff remains obligated to make monthly payments, when funds are available, until the full $350 filing fee is paid in full.**

3.  Plaintiff's requests for dismissal of his criminal case, for charges to be filed against defendants, for return of seized property, and for $100,000 for "pain and suffering" endured while in custody are **dismissed**.

4.  This case is **stayed** pending resolution of the criminal charges filed against Plaintiff in Tulsa County District Court, Case No. CF-2012-5484.

5.  The Clerk shall **administratively close** this case.

6.  If Plaintiff desires to continue with this case after disposition of the criminal charges against him, he must request that the stay be lifted within thirty days of disposition of the criminal

charges, unless an appeal is filed. If he appeals, any request to lift the stay must be filed

within thirty days of completion of the appellate process.

7.     The Clerk shall send a copy of this Order to accounting officials at David L. Moss Criminal

Justice Center.


DATED THIS 12th day of August, 2013.


_____

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE